UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY<br><br>Defendant. | **Civil Action No. 21-1926** |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
AND FOR FEES AND COSTS**

TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

    I.    Coca-Cola's Removal Ignores the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public. ........... 3

    II.    Even Apart From Contravening Settled Precedent of This District, Coca-Cola's Removal Is Flawed. ..................................................................................................................... 7

        A.    Coca-Cola's Estimated Costs Are Speculative, and Far Beyond What Is Sought by the Complaint or Available in This Action. ................................................................ 7

        B.    Earth Island's Request for Attorneys' Fees Cannot Support Removal. .......................... 9

    III.    Earth Island Is Entitled to Its Fees and Costs Associated With This Remand. ................ 11

CONCLUSION .................................................................................................................. 12

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017) (Kollar-Kotelly, J.).................................................................................................................. 5, 11, 13
*Ballard v. District of Columbia*, 813 F. Supp. 2d 34 (D.D.C. 2011) (Roberts, J.) ........................ 2
*Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032 (D.D.C. Mar. 22, 2021)................................................................................................. 4, 12
*Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008) (Bates, J.) ................................... 6, 12
*Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) (Huvelle, J.)5, 7
*Burton v. Coburn*, No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243 (D.D.C. Mar. 16, 2005)... 14
*Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49 (D.D.C. 2012) (Urbina, J.) ............................... 3
*Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488 (D.D.C. July 6, 2021) ................................................................................ 8
*Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073 (D.D.C. Feb. 18, 2020) ................................................................................................................. 10
*Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020)............................................................................................ 4, 6
*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007) .................................... 3
*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr. 1, 2019) ........................................................................................................................... 4
*Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25 (D.D.C. 2009) (Hogan, J.) ................... 3
*Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) (Jackson, J.)................................................................................................................... 5, 11
*Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003) (Urbina, J.) ................ 15
*Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076 (8th Cir. 2003)...................................................... 12
*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) ................................................................. 13
*Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64 (D.D.C. 2014) (Lamberth, J.).............................................................................................................................. 12, 13
*Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010) (Kennedy, J.). 7, 12
*Organic Consumers Ass'n v. Hain Celestial Grp., Inc.*, 285 F. Supp. 3d 100 (D.D.C. 2018) ....... 6
*Organic Consumers Association v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74 (2016) (Cooper, J.)........................................................................................................ 5, 12
*Organic Consumers Association v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) (Walton, J.)......................................................................................................................... 5
*Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149 (D.D.C. 2014) ................ 11

*Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017) ................................................................................................................... 5
*Snyder v. Harris*, 394 U.S. 332 (1969) ........................................................................................ 3
*Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69 (D.D.C. 2011) (Kessler, J.) ........... 14
*Toxin Free USA v. J.M. Smucker Co.*, No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520 (D.D.C. Nov. 30, 2020) ................................................................................................... 4
*Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150 (D.D.C. 2007) (Kessler, J.) .................... 11
*Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1 (D.D.C. 2015) (Huvelle, J) ......................... 6
*Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006) ........................................................................................ 13

**STATUTES**

28 U.S.C. § 1332(a) ...................................................................................................................... 4
28 U.S.C. § 1441(a) ...................................................................................................................... 2
28 U.S.C. § 1447(c) .................................................................................................................... 13
D.C. Code § 28-3901(a)(15) ............................................................................................... 1, 3, 14
D.C. Code § 28-3901(c) ................................................................................................................ 9
D.C. Code § 28-3905(k) ................................................................................................................ 1
D.C. Code § 28-3905(k)(1)(A) ..................................................................................................... 8
D.C. Code § 28-3905(k)(1)(D)(i) .................................................................................................. 7
D.C. Code § 3905(k)(1)(D) ........................................................................................................... 3

**INTRODUCTION**

This is a private-attorney-general action filed by a D.C. Code § 28-3901(a)(15) public-interest organization, on behalf of itself and the general public of the District of Columbia pursuant to D.C. Code § 28-3905(k). Plaintiff Earth Island Institute ("Earth Island" or "Plaintiff"), a non-profit organization headquartered in Berkeley, California, alleges that Defendant The Coca-Cola Company ("Coca-Cola" or "Defendant") deceptively markets itself as a sustainable and environmentally friendly company, when in fact it is one of the largest contributors to plastic pollution in the world. (Compl. Preamble.) The Complaint states one count, for violations of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.* (Compl. ¶¶ 154-170), and seeks no damages or restitution, only declaratory and injunctive relief to stop the conduct directed at consumers in the District of Columbia (*id.* Prayer for Relief).

Despite the lack of any damages or restitution at issue in this case, Coca-Cola has removed on the basis of federal diversity jurisdiction, claiming that the amount of controversy exceeds $75,000. Coca-Cola makes this assertion despite the settled law in this District. Coca-Cola's attempts to evade the application of the long-established non-aggregation principle to this case, under which courts of this District hold that the cost of compliance with injunctive relief must be divided pro rata among potential beneficiaries of that relief, are unavailing. Coca-Cola offers no evidence that the cost of compliance in this case would exceed $75,000 *per member* of the general public of the District. For these fatal flaws, the case must be remanded.

But even if the Court's uniform precedent on the non-aggregation principle were to be somehow discarded, Coca-Cola has failed to meet its burden in establishing the amount in controversy. Coca-Cola offers no evidence to support its contention that the cost of compliance with Earth Island's requested relief (to put an end to deceptive marketing directed at consumers in

the District) would exceed $75,000. Instead, Coca-Cola relies upon a declaration by Coca-Cola's Sustainability General Manager that speculates as to the cost of the most expensive, least efficient means by which it might correct its false advertising—far beyond what is requested in the Complaint. This contradicts established precedent that requires the removing party to both go beyond mere speculation and to prove the reasonableness of the estimated cost of compliance.

Coca-Cola also ignores settled precedent on the use of attorneys' fees to meet the jurisdictional minimum, disregarding this Court's holdings applying the non-aggregation principle to attorneys' fees (or alternatively setting attorneys' fees at $0 in cases seeking only injunctive and declaratory relief on behalf of the general public).

In short, Coca-Cola's removal of this case lacks any reasonable basis. Coca-Cola's arguments ignore the settled law of this District, which has **uniformly** found that similar false-advertising cases—arising under the CPPA and seeking only injunctive and declaratory relief—must be remanded. Accordingly, Plaintiff Earth Island respectfully requests that its motion to remand be granted, and because no reasonable basis existed for removal, that it receives its costs associated with seeking remand.

## ARGUMENT

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court may be removed to a United States District Court only if the case originally could have been brought in federal court. "Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011) (Roberts, J.); *see also Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (Urbina, J.) ("Courts must strictly construe removal statutes. The court must resolve any ambiguities concerning the propriety of removal in favor of remand." (citations omitted)); *Hood*

*v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009) (Hogan, J.) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby*, 841 F. Supp. 2d at 53.

I. **Coca-Cola's Removal Ignores the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public.**

Coca-Cola has removed on the basis of federal diversity jurisdiction. (Notice ¶ 12.) Earth Island is a D.C. Code § 3901(a)(15) public-interest organization and brings this CPPA action on behalf of itself and the general public pursuant to § 3905(k)(1)(D). (Compl. Preamble, ¶¶ 26, 27, 167-169.) Earth Island's Complaint seeks only injunctive and declaratory relief. (*Id.* Prayer.) According to long-standing, uniform precedent in this District, when a CPPA case on behalf of the general public seeks only declaratory and injunctive relief, the cost of compliance must be calculated on a per-affected-individual basis, according to the non-aggregation principle of *Snyder v. Harris*, 394 U.S. 332, 335 (1969). That is, in order to establish federal diversity jurisdiction, Coca-Cola would need to establish that the $75,000 jurisdictional minimum, *see* 28 U.S.C. § 1332(a), is met for ***each*** member of the D.C. general public represented in this litigation. Relevant decisions, issued over the last dozen years include at least these:

- *Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032, at *4 (D.D.C. Mar. 22, 2021): "[I]n suits brought under D.C. Code § 28-3905(k)(1), like this one, courts in this District have consistently applied the non-aggregation principle to hold that, if a purported amount in controversy is calculated by reference to a defendant's cost of compliance with an injunction, the total cost of compliance must be divided by the number of the injunction's beneficiaries."

- *Toxin Free USA v. J.M. Smucker Co.*, No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520, at *10-11 (D.D.C. Nov. 30, 2020): "Courts in this district have consistently held

3

that defendants removing DCCPPA actions 'cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy' requirement of § 1332(a)." (internal citation omitted).

- *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232, at *15-16 (D.D.C. Mar. 5, 2020): "[C]onsistent with the decisions of courts in this District, the court finds that for purposes of calculating the amount in controversy, the cost of the injunction to Defendant must be divided pro rata among the members of the general public of the District of Columbia."

- *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *18 (D.D.C. Apr. 1, 2019): "Accordingly, the Court follows the vast weight of authority in this Circuit and concludes that the non-aggregation principle should be applied to the cost of Defendant's compliance with an injunction."

- *Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 91 (D.D.C. 2018) (Jackson, J.): "Consistent with persuasive precedents in this district, this Court concludes that the appropriate measure of the requested injunctive relief is not the amount that Total Health must spend to comply with the injunction, but that amount *divided by* the number of members of the public on whose behalf Plaintiff brings the action."

- *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (Walton, J.): "[T]he overwhelming weight of authority within th[is] District indicates that defendants seeking to remove [CPPA] actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 59 (D.D.C. 2017) (Kollar-Kotelly, J.): "[A]lthough the cost to the defendant is one available measure of the amount in controversy, the Court concludes that it would not be an appropriate measure to apply in this particular case because to do so would not comport with the non-aggregation principle."

- *Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478, at *4 (D.D.C. Mar. 31, 2017): "[T]he overwhelming weight of authority within the District indicates that defendants seeking to remove DCCPA actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) (Huvelle, J.): "The Court must consider whether the total cost of compliance divided among the beneficiaries still meets the amount in controversy."

- *Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 78 (2016) (Cooper, J.): "Consistent with this prior authority, the Court finds that the individual cost to *each* plaintiff must exceed $75,000 for jurisdiction to exist. Because

4

> Handsome Brook has made no attempt to show that the $75,000 threshold is met for each plaintiff, it has not established that diversity jurisdiction exists."

- *Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) (Huvelle, J.): "Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn* [*v. International Paper Corp.*, 414 U.S. 291 (1973)]."

- *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (Bates, J.): "[T]his Court agrees that the cost-to-defendant test is inapplicable to the current diversity action. That result is, moreover, consistent with the general rule that the proper measure of the amount in controversy is from the perspective of the relief sought by the plaintiff."

Coca-Cola has neither attempted to establish that the jurisdictional minimum is met for each member of the D.C. general public nor even disclosed this precedent which directly contravenes its removal petition beyond a single citation in a footnote.[1]

Coca-Cola's attempts to evade this Court's well-established precedent regarding the application of the non-aggregation principle in CPPA actions are unavailing. First, despite the overwhelming precedent to the contrary, Coca-Cola argues that the non-aggregation principle does not apply because "the case involves only one plaintiff." (Notice ¶ 19.) This argument is based on a requirement that does not exist; the non-aggregation principle looks to the number of ***beneficiaries***, not to the number of plaintiffs:

> Defendants respond that, because "this is a single-plaintiff action, not a class action or other multi-claimant lawsuit," there is "no basis for the Court to 'disaggregate'" the costs of compliance among the beneficiaries. Plaintiff has the better argument. . . . [A]lthough the Court spoke in terms of "plaintiffs"

---

[1] In acknowledging that "courts in the District have concluded that the cost of a CPPA injunction must be prorated across the potential beneficiaries of the injunction" with a single citation to *Tyson Foods, Inc*., 2020 U.S. Dist. LEXIS 38232, (Notice, n. 3), Coca-Cola unconvincingly seeks to distinguish the instant case by claiming that there "are no other. . . potential beneficiaries" besides Plaintiff. (*Id*.) For the reasons detailed *supra*, Part I, that argument patently contradicts this Court's established precedent regarding similar CPPA representative actions.

Coca Cola also cites *Organic Consumers Ass'n v. Hain Celestial Grp., Inc*., 285 F. Supp. 3d 100, 102, n.2 (D.D.C. 2018) for the proposition that diversity jurisdiction is proper in a CPPA case seeking only corrective advertising and revised labeling. (Notice ¶ 17.) However, in that case, the plaintiff ***did not contest*** federal jurisdiction; the court therefore simply accepted the defendant's uncontested assertion regarding the amount in controversy, without conducting ***any*** analysis of the non-aggregation principle. *Id*. at 102. The court also found separate grounds for jurisdiction based on federal question, further obviating the need for any actual analysis of diversity jurisdiction. *Id*. at 102, n. 2.

> in *Synder* and *Zahn*, the rationale extends equally to ***actions brought by nonprofit groups where the beneficiaries need not be added as parties to the lawsuit.***

*Breathe DC*, 232 F. Supp. 3d at 170-71 (internal citations omitted) (emphasis added). The plain language of Plaintiff's Complaint makes clear that it brings this action on behalf of multiple intended beneficiaries. (*E.g.*, Compl. Preamble ("On behalf of itself and the general public, and in the interest of consumers[.]".) This is also supported by the language, purpose, and routine application of the CPPA. *See, e.g.*, D.C. Code § 28-3905(k)(1)(D)(i) ("[A] public interest organization may, ***on behalf of the interests of a consumer or class or consumers***, bring an action seeking relief . . . .") (emphasis added).

Recognizing the unsubstantiated nature of this argument, Coca-Cola next avers that "[e]ven if the Complaint were interpreted to include additional plaintiffs . . . ." the non-aggregation principle does not apply because the relief Plaintiff is seeking on behalf of consumers is a "common and undivided interest." (Notice ¶¶ 20-23.) Courts in this District have routinely and expressly rejected this argument in the context of CPPA actions.[2] *See Natl. Consumers League v. Gen. Mills, Inc.,* 680 F. Supp. 2d 132, 139-140 (D.D.C. 2010) (Kennedy, J.) ("Here, NCL's claim for damages is not a common, undivided claim. To the contrary, CPPA provides that damages in a private attorney general action are 'payable to the consumer.' D.C. Code § 28-3905(k)(1)(A). Accordingly, aggregation is not proper"); *Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488, at *11 (D.D.C. July 6, 2021) ("The disaggregation of injunctive costs in DCCPPA actions follows logically from the fact that

---

[2] Coca-Cola's attempts to argue contrarily are unpersuasive. Defendant's citations are all either (1) non-binding out of circuit precedent ***not*** involving the CPPA (Notice ¶ 22), or (2) CPPA actions seeking not just declaratory and injunctive relief but monetary relief in the form of disgorgement (Notice ¶ 21), a difference that has been explicitly distinguished by courts in this District. *See, e.g.*, *Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 2 (D.D.C. 2004) (finding removal was not proper because Plaintiff's CPPA action "seeks damages for individual consumers, ***not disgorgement***…. [and as such]**,** the jurisdictional amount not being satisfied, that this Court lacks subject matter jurisdiction of this action") (emphasis added).

*representative actions for injunctive relief brought under the DCCPPA are not seeking to enforce a 'common and undivided interest' as would exempt them from non-aggregation* under *Snyder*.") (emphasis added).

Despite Coca-Cola's attempts to argue to the contrary, the law in this District is clear. The non-aggregation principle applies and this case must be remanded to the proper forum, the Superior Court of the District of Columbia.

II. **Even Apart From Contravening Settled Precedent of This District, Coca-Cola's Removal Is Flawed.**

As set forth in Part I, *supra*, the settled and uncontroverted precedent of this District holds that a CPPA action on behalf of the general public is not removable unless the $75,000 jurisdictional minimum is met for each member of the D.C. public. But even if that caselaw did not exist, the Corrected Notice of Removal would fail for several additional reasons. ***First***, the cost "estimates" that Coca-Cola cites are speculative, unsupported by evidence, and go far beyond the relief actually sought by the Complaint. ***Second***, established precedent within this District holds that a request for attorney's fees does not support the jurisdictional minimum.

A. **Coca-Cola's Estimated Costs Are Speculative, and Far Beyond What Is Sought by the Complaint or Available in This Action.**

Even if the cost of compliance could be aggregated—and as set forth above, it cannot, and instead must be divided on a *per capita* basis—the enormous estimated costs that Coca-Cola cites are speculative and unreasonable, given what is available in a CPPA action. This is the relief sought by Earth Island's Complaint in this matter:

- A. a declaration that Coca-Cola's conduct is in violation of the DC CPPA;
- B. an order enjoining Coca-Cola's conduct found to be in violation of the DC CPPA;
- C. an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law.

7

(Compl. Prayer for Relief.) The reach of the CPPA is limited to the District of Columbia. *See* D.C. Code § 28-3901(c) ("This chapter establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia."). Accordingly, any injunction of Coca-Cola's marketing, or other relief, would be required only as to services offered in the District.

Notwithstanding the foregoing, and common sense, Coca-Cola submits the declaration of its Sustainability General Manager for the North America Operating Unit opining that "Plaintiffs requested injunction would require Coca-Cola to, among other things, remove references to recycling from all of Coca-Cola's public statements, marketing materials, websites, social media, and product packaging; issue new marketing information; and discontinue its various sustainability initiatives" for which this General Manager "estimate[s]" the cost to require "an investment of millions of dollars." (Sutaria Decl. (Ex. C to Notice) ¶¶ 3-4, 7.) To begin, the injunctive action Earth Island seeks in the Complaint makes no mention, anywhere, of this purported relief; a simple review of the Prayer for Relief, quoted above, demonstrates that neither "remov[ing] references to recycling from all of Coca-Cola's public statements, marketing materials, websites, social media, and product packaging" nor "discontinu[ing] its various sustainability initiatives" is requested. Nor does Coca-Cola explain how, under the CPPA, a court could lawfully order such relief. The Complaint alleges that Coca-Cola is misleading D.C. consumers about the nature of the Products, which violates the CPPA, and asks the Superior Court to stop this CPPA violation. Suggesting that Coca-Cola would stop misrepresenting Products sold in the District by changing its entire marketing regime or sustainability efforts would undoubtedly be the costliest, most inefficient method of achieving simple, targeted relief.

8

Coca-Cola's estimates would not establish the jurisdictional minimum by a preponderance of the evidence, even if the amount *were* aggregated for all D.C. consumers. Measuring the cost-of-compliance metric for determining the amount-in-controversy in cases seeking injunctive relief puts the burden of "establishing the reasonableness" of the estimate on the party seeking removal. *Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073, at *10-11 (D.D.C. Feb. 18, 2020) (granting remand where defendant's estimated cost-of-compliance was "speculative and unreasonable"). Declarant Alpa Sutaria merely speculates about relief not available in a CPPA action and how much that might cost. Moreover, Ms. Sutaria provides no supporting detail whatsoever; the opinion is based on "my personal knowledge. . . [and] past experience and estimates reasonably available to me" (Sutaria Decl. (Ex. C to Notice) ¶¶ 1, 4) but not on any actual numbers or examples. Such speculation could not carry Coca-Cola's burden, in any event. *See, e.g.*, *Inst. for Truth in Mktg.*, 321 F. Supp. 3d at 89 ("It is well established that a defendant may not rely on sheer speculation to satisfy its burden of showing the amount in controversy. *See Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007).").

### B. Earth Island's Request for Attorneys' Fees Cannot Support Removal.

Coca-Cola also argues that Earth Island's request for attorneys' fees "may be counted towards establishing a jurisdictional amount when they 'are provided for by . . . statute in controversy.'" (Notice ¶ 24, citing *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014).) The assertion that the mere request for attorneys' fees provides the jurisdictional minimum, like Coca-Cola's unsupported contentions regarding the non-aggregation principle, overlooks the settled law of this District. Attorneys' fees, for purposes of this action, are either divided pro rata or else apportioned at $0, and even if they were not, Coca-Cola has not mustered even a scintilla of evidence relating to attorneys' fees.

9

***First***, in a private-attorney-general CPPA claim, attorneys' fees, like the cost of injunctive relief, must be considered for jurisdictional purposes on a pro rata basis, divided amongst the consumers on whose behalf the suit is brought: "Plaintiff argues that considering the total amount of attorneys' fees in a DCCPPA case brought on behalf of the general public would not comport with the non-aggregation principle. [] This position finds considerable support in a number of district court opinions from this Circuit." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 62 (citing *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (Lamberth, J.); *see also, e.g.*, *Exxon Mobil*, 2021 U.S. Dist. LEXIS 53032, at *5 ("Courts in this District have also applied the non-aggregation principle to attorneys' fees."); *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (Kennedy, J.); *Breakman*, 545 F. Supp. 2d at 107. Coca-Cola flatly disregards this overwhelming precedent.

***Second***, in the alternative, when a private attorney general sues for CPPA injunction, without damages, the amount of attorneys' fees for jurisdictional purposes can simply be set at $0:

> Courts in this district generally agree that if attorneys' fees are recoverable by statute, they can be included in the amount-in-controversy calculation but must be apportioned amongst the individual consumers. And only each individual plaintiff's share can be considered as part of the amount in controversy. . . . But when, like here, a plaintiff "is suing under [the private attorney general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0."

*Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d at 78-79 (citations omitted) (quoting *Bimbo Bakeries*, 46 F. Supp. 3d at 73).

***Third***, even if attorneys' fees could be counted in the jurisdictional minimum, and were allowed to be aggregated, Coca-Cola has provided no evidence suggesting what the attorneys' fees in fact will be, only vague speculative recitals of what attorneys' fees have amounted to in other CPPA cases. (Notice ¶ 25). *See, e.g.*, *Exxon Mobil*, 2021 U.S. Dist. LEXIS 53032, at *5 n.1 ("Even if the non-aggregation principle did not apply, Exxon Mobil's bald claim that, at lead counsel's

10

$700-an-hour rate, 'the amount in controversy will exceed $75,000 so long as [lead counsel] alone bills just 110 hours to this complex litigation,' is too speculative to meet its burden.") (internal citations omitted); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 63 ("Defendant's showing regarding attorneys' fees is too speculative. Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees."); *Bimbo Bakeries*, 46 F. Supp. 3d at 74 ("Defendant's speculation or conclusory statements as to the amount of attorneys' fees is insufficient to establish a jurisdictional amount."); *Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665, at *8 (D.D.C. Apr. 18, 2006) ("[D]efendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case[.]"). Coca-Cola provides no *evidence* relating to attorneys' fees in this case, only a conclusory statement that CPPA actions "often require hundreds of hours of work by plaintiff's counsel." (Notice ¶ 25.)

### III. Earth Island Is Entitled to Its Fees and Costs Associated With This Remand.

Earth Island requests to recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court, on the basis that Coca-Cola lacked an objectively reasonable basis for removal. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Stein v. Am. Express Travel Related Servs.*, 813 F. Supp. 2d 69, 74 (D.D.C. 2011) (Kessler, J.). Earth Island is an IRS Code § 501(c)(3)-exempt, D.C. Code § 28-3901(a)(15) public-interest organization seeking no monetary relief, only an end to misleading conduct directed at D.C. consumers. Coca-Cola has removed a straightforward consumer-deception claim from Earth Island's chosen forum, D.C. Superior Court, which has the most experience handling CPPA actions. Coca-Cola's unfounded removal has (1) forced expense upon Earth Island, and (2) delayed an action that aims to end ongoing conduct. Earth Island asks

the Court, in deciding whether Coca-Cola had an objectively reasonable basis for removal, to consider the following:

- Coca-Cola has removed on the basis of aggregated relief exceeding $75,000, with barely any reference to 12 years of uncontroverted precedent from this District holding that such relief may *not* be aggregated;

- Even to establish the jurisdictional threshold on an impermissible aggregated basis, Coca-Cola produces virtually no evidence, and instead speculates on the cost of relief not sought in the Complaint; and

- When it relies on a request for attorneys' fees to establish the jurisdictional threshold, Coca-Cola again fails to cite directly applicable precedent from this District or to provide any evidence.

Because there was no objectively reasonable basis for removal of this private-attorney-general action, Earth Island requests recovery of its costs associated with seeking remand of its CPPA claim to the Superior Court, according to the precedent of this District. *See, e.g.*, *Burton v. Coburn*, No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243, at *6-7 (D.D.C. Mar. 16, 2005) ("Here, the defendant's arguments for removal—that complete diversity exists—defies firmly established principles of law. . . . It is difficult for this Court to fathom that the defendants could have in good faith misconstrued the law in this area."); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) (Urbina, J.) ("Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of the removal.").

## CONCLUSION

For all the foregoing reasons, Earth Island requests an order remanding this action to the Superior Court of the District of Columbia and awarding its costs and expenses associated with seeking remand.

DATED: August 16, 2021

Respectfully submitted,

**RICHMAN LAW & POLICY**

_____

Kim E. Richman
krichman@richmanlawpolicy.com
1 Bridge Street, Suite 83
Irvington, NY 10533
Telephone: (914) 693-2018