**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EARTH ISLAND INSTITUTE<br><br>                    Plaintiff,<br><br>          v.<br><br>THE COCA-COLA COMPANY<br><br><br>                    Defendant. | Civil Action No. 21-1926<br><br>Judge Paul L. Friedman |

**PLAINTIFF EARTH ISLAND INSTITUTE'S REPLY TO**
**DEFENDANT COCA-COLA'S OPPOSITION TO REMAND**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

I.    This Court Does Not Have Diversity Jurisdiction Over This Action Because the Amount
in Controversy Requirement Has Not Been Met. ........................................................ 3

   A.   Coca-Cola Seeks to Disregard the Settled Law of This District, Which Holds That the
Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public. ....... 3

   B.   Even Disregarding This Settled Precedent, Coca-Cola Has Failed to Establish the
Jurisdictional Threshold for Diversity Jurisdiction.................................................. 8

      1.   Coca-Cola's Arguments for Compliance Costs are Speculative and Exaggerated.......
................................................................................................................ 8

      2.   Earth Island's Request for Attorneys' Fees Cannot Establish the Jurisdictional
Minimum................................................................................................. 10

II.   Earth Island Is Entitled to Attorneys' Fees and Costs in Connection With Its Remand
Motion.......................................................................................................... 12

CONCLUSION.................................................................................................................. 16

## **TABLE OF AUTHORITIES**

### Cases

*Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017) (Kollar-Kotelly, J.)............................................................................................................. passim

*Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032 (D.D.C. Mar. 22, 2021)............................................................................... 4, 11, 12, 14

*Breakman v. AOL, LLC*, 545 F. Supp. 3d 96 (D.D.C. 2008) (Bates, J.) ........................... 4, 11

*Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) (Huvelle, J.) ........................................................................................................................... passim

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)........................................................ 14

*Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488 (D.D.C. July 6, 2021) ................................................................................ 8

*Committee for GI Rights v. Callaway*, 518 F.2d 466 (D.C. Cir. 1975) ........................... 6

*Dist. of Columbia ex rel. Dulles Plumbing Gp., Inc. v. Selective Ins. Co. of Am.*, 495 F. Supp. 3d 1 (D.D.C. 2020) (Moss, J.)................................................................................. 3

*Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073 (D.D.C. Feb. 18, 2020) ................................................................................................. 10

*Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020)............................................................................ 4, 14

*FTC v. Cantkier*, 767 F. Supp. 2d 147 (D.D.C. 2011) (Howell, J.)............................... 14

*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr. 1, 2019) ................................................................................................................. 4

*In re Exxon Mobil Corp.*, No. 21-8001, 2021 U.S. App. LEXIS 12320 (D.C. Cir. Apr. 23, 2021) ........................................................................................................................... 4, 5

*Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) (Jackson, J.)................................................................................................................. 4, 10

*Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003) (Urbina, J.) ................. 13

*Laird v. Tatum*, 408 U.S. 1 (1972)................................................................................ 5

*Laird v. Tatum*, 409 U.S. 901 (1972)............................................................................ 5

*Laird v. Tatum*, 479 U.S. 911 (1986)............................................................................ 5

*Lightfoot v. Dist. of Columbia*, Civil Action No. 01-1484 (CKK), 2006 U.S. Dist. LEXIS 4633 (D.D.C. Jan. 24, 2006) ............................................................................................... 15

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) .................................................. 15

*Milani Constr., LLC v. Creative Concepts Grp., Inc.*, No. 19-3669 (TJK), 2020 U.S. Dist. LEXIS 20214 (D.D.C. Feb. 6, 2020) ...................................................................................... 15

*Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64 (D.D.C. 2014) (Lamberth, J.) ................................................................................................................. 11, 12, 15

*Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010) (Kennedy, J.).... ................................................................................................................. 7, 11

*Organic Consumers Ass'n v. Hain Celestial Group, Inc.*, 285 F. Supp. 3d 100 (D.D.C. 2018) (McFadden, J.). .......................................................................................................... 5

*Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74 (2016) (Cooper, J.).......................................................................................................... 4, 6, 11

*Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) (Walton, J.) ........................................................................................................................... 4, 14

*Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192 (D.D.C. 2015) (Walton, J.)..................................................................................................................................... 14
*Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1 (D.D.C. 2004) (Robertson, J.) ...................... 7
*Smith v. Abbott Labs., Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017) .......................................................................................................................................... 4
*Snyder v. Harris*, 394 U.S. 332 (1969) ........................................................................... 3, 7, 8
*Tatum v. Laird*, 444 F.2d 947 (D.C. Cir. 1971) ............................................................... 5, 6
*Toxin Free USA v. J.M. Smucker Co.*, No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520 (D.D.C. Nov. 30, 2020)................................................................................................................ 4
*Urquhart v. Nwaneri*, No. 19-1990 (CKK), 2019 U.S. Dist. LEXIS 91960 (D.D.C. June 3, 2019) ............................................................................................................................................. 14
*Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150 (D.D.C. 2007) (Kessler, J.) .................... 10
*Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1 (D.D.C. 2015) (Huvelle, J) ........................ 4
*Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006) ......................................................................................................... 12
*Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973) ................................................................................. 7

## Statutes

11 D. C. Code § 521 ....................................................................................................................... 5
28 U.S.C. § 1332(a) ....................................................................................................................... 3
28 U.S.C. § 1447(d) ....................................................................................................................... 4
D.C. Code § 28-3901(a)(14) ........................................................................................................ 12
D.C. Code § 28-3901(a)(15) .................................................................................................... 1, 12
D.C. Code § 28-3901(c) ................................................................................................................. 9
D.C. Code § 28-3905(k)(1)(A) ....................................................................................................... 8
D.C. Code § 28-3905(k)(1)(D) .................................................................................................. 7, 14
D.C. Code 28-3905(k)(1) ............................................................................................................... 4
D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* ........................... passim

Plaintiff Earth Island Institute ("Earth Island" or "Plaintiff") respectfully submits this Reply to Defendant The Coca-Cola Company's ("Coca-Cola" or "Defendant") Opposition to Plaintiff's Motion to Remand.

## <u>INTRODUCTION</u>

The thrust of Coca-Cola's Opposition to Plaintiff's Motion to Remand this action boils down to Coca-Cola wishing that the law of this District was different than it is. Unfortunately for Coca-Cola, wishing that the law was different does not make it so.

This is a case regarding deceptive advertising under the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq*. Under that statute, Plaintiff Earth Island, a D.C. Code § 28-3901(a)(15) public-interest organization, brings this case as a private-attorney-general on behalf of itself and the general public of the District of Columbia pursuant to D.C. Code § 28-3905(k). Earth Island alleges that Coca-Cola deceptively markets itself as a sustainable and environmentally friendly company, when in fact it is one of the largest contributors to plastic pollution in the world. (Complaint ("Compl.") at Preamble.) The Complaint states one count, for violation of the CPPA (*id.* ¶¶ 154-170), and seeks no damages or restitution, only declaratory and injunctive relief to stop the conduct directed at consumers in the District of Columbia (*id.* Compl. at Prayer for Relief). Coca-Cola opposes the motion to remand, arguing that the requisite amount in controversy of $75,000 exists to establish diversity jurisdiction.

Coca-Cola's argument runs afoul of the uncontroverted law in this District regarding how to determine the amount in controversy of CPPA actions, such as this one, that seek only injunctive and declaratory relief. Courts of this District, when faced with the question, have ***uniformly*** held that the non-aggregation principle applies, and that a defendant seeking to remove a CPPA action for declaratory and injunctive relief must show that the cost of compliance with the requested

1

injunction would meet or exceed the jurisdictional threshold of $75,000 ***per member*** of the affected group. In this case, the affected group is the general public of the District of Columbia. Coca-Cola does not even attempt to demonstrate that its costs would meet this jurisdictional requirement. Instead, despite the clear precedent to the contrary, Coca-Cola opposes remand based on its opinion that the long line of cases holding that the non-aggregation principle applies in similar CPPA actions—which includes opinions from currently active Judges Kollar-Kotelly, Jackson, Cooper, Mehta, Kelly, Friedrich—are all "wrongly decided." (Defendant The Coca-Cola Company's Memorandum of Law in Opposition to Plaintiff Earth Island's Motion to Remand, Dkt. No. 20 ("Opp.") 13.) Coca-Cola rests this assertion on two cases, from more than five decades ago, that were not brought under the CPPA and do not involve similar parties or claims.

The well-established application of the non-aggregation principle forecloses the jurisdiction of this federal court, and Coca-Cola had no reasonable basis to remove. Moreover, even if that were not true, Coca-Cola still fails to establish the requisite amount in controversy for two reasons. First, Coca-Cola's estimation that cessation of misleading representations directed towards District of Columbia consumers would cost it "millions" of dollars is speculative and exaggerated. Second, again under well-established precedent in this District, Earth Island's requested attorneys' fees do not establish the jurisdictional minimum, because those fees are either subject to the non-aggregation principle or are set at $0 for purposes of calculating the amount-in-controversy in cases seeking only injunctive or declaratory relief. (And even if the uniform precedent were to be disregarded, Coca-Cola's assertions regarding the amount of attorneys' fees are wholly speculative, not evidentiary.)

Because Coca-Cola has put forth arguments that amount only to an unsupported assertion that *all* relevant precedent from the judges of this District was "wrongly decided," Plaintiff Earth Island should be awarded fees and costs incurred in seeking remand.

## **ARGUMENT**

I.  **This Court Does Not Have Diversity Jurisdiction Over This Action Because the Amount in Controversy Requirement Has Not Been Met.**

Coca-Cola opposes the Motion to Remand by arguing that diversity jurisdiction exists over this action. (*E.g.*, Opp. 5.) Federal diversity jurisdiction requires (1) complete diversity between the plaintiff and the defendant; and (2) that "the matter in controversy exceeds the sum or value of $75,000." *Dist. of Columbia ex rel. Dulles Plumbing Gp., Inc. v. Selective Ins. Co. of Am.*, 495 F. Supp. 3d 1, 5 (D.D.C. 2020) (Moss, J.); 28 U.S.C. § 1332(a). While the parties in this action are completely diverse, the amount in controversy requirement cannot be met. According to long-standing, uniform precedent in this District, when a CPPA case on behalf of the general public seeks only declaratory and injunctive relief, the cost of compliance must be calculated on a per-affected-individual basis, according to the non-aggregation principle of *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Coco-Cola has failed to demonstrate, or even argue, that the cost of its compliance would exceed $75,000 per member of the general public of the District of Columbia. Because this requisite jurisdictional minimum has not been met, this Court does not have jurisdiction over Earth Island's action.

### A.  **Coca-Cola Seeks to Disregard the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public.**

Without regard for appliable precedent, Coca-Cola asserts that the amount in controversy requirement has been met because the non-aggregation principle is "irrelevant" to this action. (Opp. 8.) On the contrary, more than a decade of precedent in this District has established that the

non-aggregation principle does apply to CPPA actions seeking declaratory and injunctive relief, including at least the precedent cited in Earth Island's Motion to Remand: *Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032, at *4 (D.D.C. Mar. 22, 2021); *Toxin Free USA v. J.M. Smucker Co.*, No. 20-cv-1013 (DLF), 2020 U.S. Dist. LEXIS 222520, at *10-11 (D.D.C. Nov. 30, 2020); *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232, at *15-16 (D.D.C. Mar. 5, 2020); *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *18 (D.D.C. Apr. 1, 2019); *Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 91 (D.D.C. 2018) (Jackson, J.); *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (Walton, J.); *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 59 (D.D.C. 2017) (Kollar-Kotelly, J.); *Smith v. Abbott Labs., Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478, at *4 (D.D.C. Mar. 31, 2017); *Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) (Huvelle, J.); *Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 78 (2016) (Cooper, J.); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) (Huvelle, J.); and *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (Bates, J.). Moreover, as recently as April 23, 2021, the D.C. Circuit **declined** to hear any appeal of this principle. In *In re ExxonMobil Corp.*, the petitioner sought review as an add-on to its argument about CAFA jurisdiction,[1] arguing: "The question of how to calculate the amount in controversy in cases seeking injunctive relief under Section 28-3905(k)(1) is also an open, important, and recurring question in this circuit." Reply Brief for Petitioner at 8,

---

[1] The argument was brought as a discretionary review point, because Section 1447(d), United States Code 28, precludes review of a remand decision premised solely on lack of diversity jurisdiction. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title [28 USCS § 1442 or 1443] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).

*In re Exxon Mobil Corp.*, No. 21-8001 (D.C. Cir. Apr. 19, 2021). The Circuit Court denied review of either point. *In re Exxon Mobil Corp.*, No. 21-8001, 2021 U.S. App. LEXIS 12320, at *1-2 (D.C. Cir. Apr. 23, 2021).

Largely ignoring this well-established caselaw, Coca-Cola argues that "at least one" district court has held that federal jurisdiction was based, in part, on the cost of compliance with an injunction under the CPPA: *Organic Consumers Ass'n v. Hain Celestial Group, Inc*., 285 F. Supp. 3d 100, 102 n.2 (D.D.C. 2018) (McFadden, J.). (Opp. at 9.) That decision, however, is inapposite. First, *Hain Celestial* was decided on federal ***preemption*** grounds, not jurisdictional amount. Second, the plaintiff ***did not contest*** removal, so the court addressed the question of the diversity jurisdiction only summarily in footnoted dicta.

Perhaps recognizing the overwhelming weight of the contrary authority, Coca-Cola's primary argument is simply that all the applicable precedent was "wrongly decided." (Opp. at 13.) Coca-Cola suggests that instead of applying the established law of this District, this Court should follow the jurisdictional arguments advanced in two entirely distinguishable cases—cases that were not brought under the CPPA and did not involve any related claims or questions. (Opp. at 9-10.) Coca-Cola argues that, somehow, this CPPA false advertising action is "indistinguishable" from these two decades-old cases involving plaintiffs seeking judgements regarding the constitutionality of certain Army programs and procedures.

In Coca-Cola's first authority, *Tatum v. Laird*, 444 F.2d 947 (D.C. Cir. 1971), *rev'd*, 408 U.S. 1 (1972), *reh'g denied*, 409 U.S. 901 (1972), *reh'g denied*, 479 U.S. 911 (1986), the plaintiff-appellants sought to have some army surveillance tactics and processes declared unconstitutional. The federal court exercised jurisdiction not because the amount in controversy requirement was met, but rather due to "District of Columbia Code, 11 D. C. Code § 521, which gives that court

general equity jurisdiction [and] . . . permits actions for declaratory judgment as well as injunction to be maintained against those whose office in the Federal Government establishes their official residence in the District." *Id*. at 950. While the court noted that the jurisdictional amount might have been met by the cost to the defendant of enforcing the sought after right, the court did not conduct any analysis on this point, because the defendant had not contested the jurisdictional amount. *Id.* at 951. The court, therefore, had no reason to address the question of applying the non-aggregation principle to injunctive relief and was silent on the issue.

Coca-Cola's second authority, *Committee for GI Rights v. Callaway*, 518 F.2d 466 (D.C. Cir. 1975), is equally unpersuasive. In that case, soldiers brought an action against the Secretary of the U.S. Armed Forces seeking to have parts of the Army's drug abuse prevention and control program declared unconstitutional. *Id.* at 467-68. The court found that the value of the injunctive relief would be met based on the value of the constitutional rights at issue to the plaintiffs. *See id.* at 473. The court then went on to state that the jurisdictional requirement "might" also be met based on the cost to the defendant, noting the costs of implementing ongoing additional hearings and administrative procedures for addressing drug abuse. *See id.* The court did not address the application of the non-aggregation principle, because the parties made no argument on that basis; like *Tatum*, *Callaway* is entirely silent on the point on which Coca-Cola attempts to rely. Thus, Coca-Cola's authorities for overturning the last decade of this District's law stand for nothing more than the hornbook principle that "the cost-to-defendant test remains an appropriate measure of the amount in controversy." *Animal Legal Defense Fund*, 249 F. Supp. 3d at 59-60; *see also, e.g.*, *Breathe DC*, 232 F. Supp. 3d at 168-72; and *Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d at 78.

Coca-Cola's alternative argument, that the non-aggregation principle does not apply because this is a "single plaintiff case," ignores that this is a case brought "by Earth Island *on behalf of the general public*," and that the non-aggregation principle looks to the number of beneficiaries, not the number of plaintiffs:

> Defendants respond that, because "this is a single-plaintiff action, not a class action or other multi-claimant lawsuit," there is "no basis for the Court to 'disaggregate'" the costs of compliance among the beneficiaries. Plaintiff has the better argument. . . . [A]lthough the Court spoke in terms of "plaintiffs" in *Snyder* and *Zahn [v. Int'l Paper Co.*, 414 U.S. 291 (1973)], the rationale extends equally to *actions brought by nonprofit groups where the beneficiaries need not be added as parties to the lawsuit.*

*Breathe DC*, 232 F. Supp. 3d at 170-71 (internal citations omitted) (emphasis added). Earth Island's Complaint clearly establishes that it brings this action on behalf of multiple intended beneficiaries. (*E.g.*, Compl. at Preamble ("On behalf of itself and the general public, and in the interest of consumers[.]".) This is also supported by the language, purpose, and routine application of the CPPA. *See, e.g.*, D.C. Code § 28-3905(k)(1)(D)(i) ("a public interest organization may, on behalf of the interests of a consumer or class or consumers, bring an action seeking relief.").

Coca-Cola's final argument, that the non-aggregation principle does not apply because Earth Island requested injunction "constitutes a common and undivided interest" (Opp. at 11), similarly flouts settled precedent. Courts in this District have expressly rejected this argument in the context of CPPA actions.[2] *See Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 139-140 (D.D.C. 2010) (Kennedy, J.) ("Here, NCL's claim for damages is not a common,

---

[2] Coca-Cola's attempts to argue contrarily are unpersuasive. The citations are all either (1) non-binding out-of-circuit precedent *not* involving the CPPA (Opp. at 11-12), or (2) CPPA actions seeking not just declaratory and injunctive relief but also *monetary relief* in the form of disgorgement (Opp. at 12-13)—a distinction that matters. *See, e.g.*, *Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 2 (D.D.C. 2004) (Robertson, J.) (finding removal was not proper because CPPA action "seeks damages for individual consumers, *not disgorgement* . . . [and as such], the jurisdictional amount not being satisfied, [] this Court lacks subject matter jurisdiction of this action" (emphasis added)).

undivided claim. To the contrary, CPPA provides that damages in a private attorney general action are 'payable to the consumer.' D.C. Code § 28-3905(k)(1)(A). Accordingly, aggregation is not proper."); *Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488, at *11 (D.D.C. July 6, 2021) ("The disaggregation of injunctive costs in DCCPPA actions follows logically from the fact that representative actions for injunctive relief brought under the DCCPPA are not seeking to enforce a 'common and undivided interest' as would exempt them from non-aggregation under *Snyder*.").

Coca-Cola would have this Court diverge from long-standing precedent because, in its opinion, all of the aforementioned precedent "should not [] be the law." (Opp. at 2.) But it *is* the law of this District, with good reason, as held in opinion upon opinion. This action too must be remanded.

### B.   Even Disregarding This Settled Precedent, Coca-Cola Has Failed to Establish the Jurisdictional Threshold for Diversity Jurisdiction.

As set forth in Part IA, *supra*, the settled and uncontroverted precedent of this District holds that a CPPA action on behalf of the general public is not removable unless the $75,000 jurisdictional minimum is met for each member of the D.C. public. But even disregarding that caselaw, Coca-Cola's Opposition to Remand is flawed. *First*, the cost "estimates" that Coca-Cola cites are speculative, unsupported by evidence, and go far beyond the relief actually sought by the Complaint. *Second*, established precedent within this District holds that a request for attorney's fees does not support the jurisdictional minimum.

#### 1.   Coca-Cola's Arguments for Compliance Costs are Speculative and Exaggerated.

Even if the cost of compliance could be aggregated—and as set forth above, it cannot, and instead must be divided on a *per capita* basis—the enormous estimated costs that Coca-Cola cites

(*e.g.*, that compliance costs would be "in the millions," Dkt. No. 2-4, ¶¶ 4-8), are speculative and exaggerated, given what is available in a CPPA action. The relief sought by Earth Island's Complaint in this matter is as follows:

A. a declaration that Coca-Cola's conduct is in violation of the DC CPPA;

B. an order enjoining Coca-Cola's conduct found to be in violation of the DC CPPA;

C. an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law.

(Compl. at Prayer for Relief.) The reach of the CPPA is limited to the District of Columbia. *See* D.C. Code § 28-3901(c) ("This chapter establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia."). Accordingly, any injunction of Coca-Cola's marketing, or other relief, would be required only as to services offered in the District.

Coca-Cola argues that complying with the tailored remedy sought by Earth Island would be impossible because "Earth Island seeks to muzzle all statements that allegedly violate the CPPA, not just those that are targeted to residents of the District" and "[t]he only way to redress the purported CPPA violations would be to remove the disputed statements from all of Coca-Cola's labels." (Opp. at 7.) This argument disregards both the scope of the Complaint and the reach of the CPPA. A simple review of the Prayer for Relief, quoted above, demonstrates that such comprehensive measures as "scrub[bing] virtually all references to recycling" (Opp. at 1) have not even been requested. As to Coca-Cola's assertion that compliance with Earth Island's request would mean removing the disputed statements from all of its labels (*e.g.*, Opp. 7), the Complaint does not target ***any*** statements on the labels of the Products; instead, Earth Island challenges Coca-Cola's misleading representations on websites, on social media, and in sustainability reports. Absent from Coca-Cola's declarations is any reasonable basis for the astronomical estimates

regarding cost of compliance. Nor does Coca-Cola explain how, under the CPPA, a court could lawfully order such relief. The Complaint alleges that Coca-Cola is misleading D.C. consumers about the nature of the Products, which violates the CPPA, and asks the Superior Court to stop this CPPA violation. Coca-Cola's suggestions of changing its entire marketing regime or revamping sustainability efforts would undoubtedly be the costliest, most inefficient methods of achieving simple, targeted relief.

Measuring the cost-of-compliance metric for determining the amount-in-controversy in cases seeking injunctive relief puts the burden of "establishing the reasonableness" of the estimate on the party seeking removal. *Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073, at *10-11 (D.D.C. Feb. 18, 2020) (granting remand where defendant's estimated cost-of-compliance was "speculative and unreasonable"). Coca-Cola has failed to meet this burden. Declarant Alpa Sutaria merely speculates about relief not available in a CPPA action and how much that might cost, with no supporting detail whatsoever. The statements Coca-Cola relies upon are based solely on her "personal knowledge . . . [and] past experience and estimates reasonably available to me" (Dkt. No. 2-4 ¶¶ 1, 4)—not on any actual evidence or measurements. Such speculation cannot carry Coca-Cola's burden. *See, e.g.*, *Inst. for Truth in Mktg.*, 321 F. Supp. 3d at 89 ("It is well established that a defendant may not rely on sheer speculation to satisfy its burden of showing the amount in controversy." (citing *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007) (Kessler, J.))).

## 2. Earth Island's Request for Attorneys' Fees Cannot Establish the Jurisdictional Minimum.

Once again unsatisfied with the settled law of this District, Coca-Cola argues that the attorneys' fees that Earth Island could potentially recover also support its unfounded request for diversity jurisdiction. But courts in this District have repeatedly found that attorneys' fees, for

purposes of CPPA actions seeking only declaratory or injunctive relief, are either divided pro rata or else apportioned at $0.

*First*, in private-attorney-general CPPA actions, attorneys' fees are also subject to the non-aggregation principle for jurisdictional purposes and must be divided amongst the consumers on whose behalf the suit is brought: "Plaintiff argues that considering the total amount of attorneys' fees in a DCCPPA case brought on behalf of the general public would not comport with the non-aggregation principle. [] This position finds considerable support in a number of district court opinions from this Circuit." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 62 (citing *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (Lamberth, J.)); *see also, e.g.*, *Beyond Pesticides*, 2021 U.S. Dist. LEXIS 53032, at *5 ("Courts in this District have also applied the non-aggregation principle to attorneys' fees.");  *Gen. Mills, Inc.*, 680 F. Supp. 2d at 141;  and *Breakman*, 545 F. Supp. 2d at 107.

In the alternative, courts in this District have simply set attorneys' fees at $0 when a private attorney general sues for a CPPA injunction without damages as is the case here:

> Courts in this district generally agree that if attorneys' fees are recoverable by statute, they can be included in the amount-in-controversy calculation but must be apportioned amongst the individual consumers. And only each individual plaintiff's share can be considered as part of the amount in controversy. . . . But when, like here, a plaintiff "is suing under [the private attorney general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0."

*Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d at 78-79 (citations omitted) (quoting *Bimbo Bakeries USA*, 46 F. Supp. 3d at 73). No opinion of which Earth Island is aware has adopted Coca-Cola's chosen method of aggregating attorneys' fees.

Moreover, even if somehow attorneys' fees were counted, indivisible, toward the jurisdictional minimum, and were permitted to be aggregated, Coca-Cola's references to "fee awards in [other] CPPA cases" (Opp. 15) are far too speculative to meet its burden. *See,*

*e.g.*, *Beyond Pesticides*, 2021 U.S. Dist. LEXIS 53032, at *5 n.1 ("Even if the non-aggregation principle did not apply, Exxon Mobil's bald claim that, at lead counsel's $700-an-hour rate, 'the amount in controversy will exceed $75,000 so long as [lead counsel] alone bills just 110 hours to this complex litigation,' is too speculative to meet its burden.") (internal citations omitted); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 63 ("Defendant's showing regarding attorneys' fees is too speculative. Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees."); *Bimbo Bakeries USA*, 46 F. Supp. 3d at 74 ("Defendant's speculation or conclusory statements as to the amount of attorneys' fees is insufficient to establish a jurisdictional amount."); *Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665, at *8 (D.D.C. Apr. 18, 2006) ("[D]efendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case[.]").

Once again, Coca-Cola argues that this Court should depart from its well-established precedent simply because Coca-Cola feels that this "should not be the law." (Opp. 2.) But as demonstrated above, courts in this District have been abundantly clear that in the circumstances presented by this case, Coca-Cola has not demonstrated a viable basis for removal.

## II.     Earth Island Is Entitled to Attorneys' Fees and Costs in Connection With Its Remand Motion.

Earth Island, a nonprofit public-interest organization pursuant to D.C. Code § 28-3901(a)(14)-(15), has requested attorneys' fees on the basis that this case is no different from at least a dozen prior remands of CPPA representative cases seeking only injunctive and declaratory relief. Given the state of the law in this district regarding non-aggregation of relief and pro rata or $0 apportionment of attorneys' fees, Coca-Cola's removal had no chance of success, and the removal could only have been to put the less powerful litigant at a disadvantage. As Earth Island

points out, costs and fees are regularly imposed where "the removing party contradicts well-settled law in attempting to remove the case to federal court." (Mem. ISO Remand 12 (citing *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) (Urbina, J.).) In response, Coca-Cola makes three arguments, none of which succeed:

*First*, Coca-Cola argues that it "has cited ample case law from the D.C. Circuit and elsewhere demonstrating that the non-aggregation principle is inapplicable." (Opp. 17.)[3] But that is not correct. What Coca-Cola has cited are non-CPPA-representative cases in an attempt to support its contention that every single case in the context of a CPPA representative action has been wrongly decided. The CPPA is a unique statute, both in standing provisions and in allowance for relief. *Cf. Animal Legal Def. Fund v. Hormel Foods Corp.*, No. 19-CV-0397, 2021 D.C. App. LEXIS 254, at *12-19 (Sept. 2, 2021) (reviewing legislative history of CPPA amendments and expansion of standing to statutory injury beyond traditional Article III analysis). Coca-Cola's attempt to overturn settled caselaw in this district does not mean Earth Island is not entitled to fees.

*Second*, Coca-Cola argues that it "has explained why disaggregation of the potential [attorneys'] fee award is unwarranted where, as here, counsel represents a single plaintiff and not the public at large." (Opp. 17.) But that is also not correct. What Coca-Cola has actually done is attempt to persuade the Court that a CPPA representative case proceeds on behalf of a single plaintiff. That argument contravenes not only caselaw, *see, e.g.*, *Breathe DC*, 232 F. Supp. 3d at 170-71, but the very words of the CPPA, which permits this action "on behalf of the interests of a consumer or a class of consumers," in this case the D.C. general public, D.C. Code § 28-

---

[3] Coca-Cola's argument that it "has furnished evidence that it would incur millions of dollars in costs to comply with the requested injunction" (Opp. 17), a response to the propriety of remand, is less relevant for purposes of the award of attorneys' fees and costs. The relevant point for purposed costs and fees is the well-established non-aggregation of relief; Coca-Cola has made no attempt to demonstrate that the jurisdictional threshold would be met for each affected D.C. consumer, as precedent requires.

3905(k)(1)(D)(i). Coca-Cola does not make a valid argument by rewriting the nature of Earth Island's Complaint (*e.g.*, Compl. at Preamble, ¶¶ 26, 27, 167-69) to suit its own interests. *See, e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (in upholding remand for lack of federal question, relying on "the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, . . . and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court"); *Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192, 194 (D.D.C. 2015) (Walton, J.) (citing *Caterpillar*); *FTC v. Cantkier*, 767 F. Supp. 2d 147, 153 n.5 (D.D.C. 2011) (Howell, J.) (rejecting defendant's invitation to recast unfairness claim as deception claim because "Plaintiff is the master of the complaint and may choose to sue or not to sue on any cause of action for which it is possible to allege the elements necessary to establish a claim for relief").

**Third**, Coca-Cola cites four remand decisions in which attorneys' fees were not awarded, which Coca-Cola contends was because of a lack of "binding" precedent on this issue. (Opp.17-18 (citing *Beyond Pesticides*, 2021 U.S. Dist. LEXIS 53032, at *8; *Food & Water Watch, Inc.*, 2020 U.S. Dist. LEXIS 38232, at *17; *R.C. Bigelow, Inc.*, 314 F. Supp. 3d at 358; and *Breathe DC*, 232 F. Supp. 3d at 172.) The problem with Coca-Cola's contentions is that some of those cases date back several years, and with each entry into the parade of case law holding that removal of a CPPA representative action is improper—a parade that includes the very authorities Coca-Cola cites—the basis for an objectively reasonable removal shrinks. By now, as Earth Island demonstrated (Mem. ISO Remand 3-5), an objectively reasonable ground for removal is non-existent, and a fee award is warranted. *See, e.g.*, *Urquhart v. Nwaneri*, No. 19-1990 (CKK), 2019 U.S. Dist. LEXIS 91960, at *9 (D.D.C. June 3, 2019) (awarding fees where removal was neither "logical" nor supported by applicable precedent).

Earth Island submits that, given the uncontradicted[4] and unwavering law within this District, Coca-Cola's removal could only have been for the purpose of delaying the action or forcing the not-for-profit plaintiff to expend scares resources. *Cf. Milani Constr., LLC v. Creative Concepts Grp., Inc.*, No. 19-3669 (TJK), 2020 U.S. Dist. LEXIS 20214, at *2 (D.D.C. Feb. 6, 2020) (awarding costs where removal was "dilatory maneuver" and removing party attempted to justify removal, against District precedent, with citation to cases from other jurisdictions); *Lightfoot v. Dist. of Columbia*, Civil Action No. 01-1484 (CKK), 2006 U.S. Dist. LEXIS 4633, at *34 (D.D.C. Jan. 24, 2006) ("[T]he Court further emphasizes Chief Justice Taft's maxim that 'Delay works always for the man with the longest purse'."). Earth Island does not make its request for fees and costs lightly. Earth Island is a public-interest organization seeking no monetary relief, only an end to misleading conduct directed at D.C. consumers. Coca-Cola has removed a straightforward consumer-deception claim from Earth Island's chosen forum, D.C. Superior Court, which has the most experience handling CPPA actions. Coca-Cola's unfounded removal has forced not only expense upon Earth Island but also delay in an action that aims to end current conduct. These are, in the words of the Supreme Court, "unusual circumstances," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005), which justify an award of fees even apart from the lack of any objectively reasonable basis for Coca-Cola's removal.

In such circumstances, Earth Island submits to the Court's discretion that an award of fees and costs associated with this remand effort is warranted. *See Bimbo Bakeries USA*, 46 F. Supp. 3d at 77 (citing *Martin* for proposition that district courts retain discretion to determine the existence of unusual circumstances).

---

[4] Earth Island is unaware of a single decision from within this Circuit that used the total cost of compliance as the amount-in-controversy in a CPPA action seeking purely injunctive relief on behalf of the general public. Coca-Cola has cited none.

15

## **CONCLUSION**

For all the foregoing reasons, nonprofit Plaintiff Earth Island respectfully requests that this action be remanded to its chosen forum, the Superior Court of the District of Columbia, and that the Court in its discretion award Earth Island the costs and fees associated with these remand proceedings.

DATED: October 8, 2021                                    Respectfully submitted,

                                                                        **RICHMAN LAW & POLICY**

                                                                        _____
                                                                        Kim E. Richman (Bar No. 1022978)
                                                                        1 Bridge Street, Suite 83
                                                                        Irvington, NY 10533
                                                                        Telephone: (914) 693-2018
                                                                        krichman@richmanlawpolicy.com

## <u>CERTIFICATE OF SERVICE</u>

I, Kim E. Richman, hereby certify that on October 8, 2020, I caused a true and correct copy

of the foregoing document to be served on counsel of record for Defendant in the above-captioned

Action via ECF:

Steven A. Zalesin
Emily Harris
**PATTERSON, BELKNAP, WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
sazalesin@pbwt.com
eharris@pbwt.com

Anthony Tobias Pierce
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Robert S. Strauss Tower
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4411
apierce@akingump.com

*/s/ Kim E. Richman*
Kim E. Richman