UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                   )
EARTH ISLAND INSTITUTE,            )
                                   )
            Plaintiff,             )
                                   )
     v.                            )   Civil Action No. 21-1926 (PLF)
                                   )
THE COCA-COLA COMPANY,             )
                                   )
            Defendant.             )
_____)
```

OPINION AND ORDER

On July 16, 2021, defendant The Coca-Cola Company ("Coca-Cola") filed a notice of removal, removing this action from the Superior Court of the District of Columbia to this Court. See Notice of Removal ("Notice") [Dkt. No. 1]. As grounds for removal, Coca-Cola asserted that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as the parties are completely diverse and Plaintiff seeks injunctive relief that, if granted, would cost well in excess of $75,000 to implement." Id. at ¶ 5. On August 16, 2021, plaintiff Earth Island Institute ("Earth Island") moved to remand this action back to the Superior Court, asserting that this Court lacks federal diversity jurisdiction because "Coca-Cola has failed to meet its burden in establishing the amount in controversy." Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand and for Fees and Costs ("Pl. Mot.") [Dkt. No. 15] at 1. Earth Island simultaneously moved to recoup its fees and costs associated with litigating the remand motion. Id. at 11. Upon careful consideration of the briefs and the relevant legal authorities, the Court concludes that the parties lack diversity jurisdiction because the amount in controversy

does not exceed $75,000. The Court therefore will grant Earth Island's motion to remand. The Court will nonetheless deny Earth Island's request for fees and costs.[1]

## I. BACKGROUND

On June 4, 2021, Earth Island filed a complaint with the Civil Division of the Superior Court of the District of Columbia seeking injunctive and declaratory relief against Coca-Cola for violations of the District of Columbia Consumer Protection Procedures Act ("the CPPA"), D.C. Code § 28-3901, et seq. Complaint at ¶¶ 20, 27. Earth Island is a non-profit organization whose "mission includes educating consumers, including in the District of Columbia, and engaging in advocacy related to environmental and human health issues." Id. at ¶ 25. Consistent with the CPPA's private-attorney-general provision, see D.C. Code § 28-3905(k)(l)(D)(i), Earth Island brought this action "[o]n behalf of itself and the general public, and in the interest of consumers." Complaint at 1.

Earth Island's complaint alleges that "Coca-Cola's marketing is false and deceptive because the company portrays itself as 'sustainable' and committed to reducing plastic pollution while polluting more than any other beverage company and actively working to prevent effective recycling measures in the U.S." Complaint at ¶ 28. In other words, Earth Island contends that "Coca-Cola's marketing and advertising tend to mislead and are materially

---

[1] The papers reviewed in connection with this motion include the following: Notice of Removal ("Notice") [Dkt. No. 1]; Complaint [Dkt. No. 1-1]; Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand and for Fees and Costs ("Pl. Mot.") [Dkt. No. 15]; defendant The Coca-Cola Company's Memorandum of Law in Opposition to Plaintiff Earth Island's Motion to Remand ("Def. Opp.") [Dkt. No. 20]; plaintiff Earth Island Institute's Reply to Defendant Coca-Cola's Opposition to Remand ("Pl. Reply") [Dkt. No. 21]; and plaintiff Earth Island Institute's Notice of Supplemental Authority in Support of Motion to Remand [Dkt. No. 23].

deceptive about the true nature and quality of its products and business." Id. at ¶ 19. Earth Island's prayer for relief seeks:

> A. a declaration that Coca-Cola's conduct is in violation of the CPPA;
>
> B. an order enjoining Coca-Cola's conduct found to be in violation of the CPPA; and
>
> C. an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law.

Complaint at 36.

On July 16, 2021, Coca-Cola filed a notice of removal from the Superior Court to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  Notice at ¶ 4.  Coca-Cola asserts that the parties are completely diverse because "Coca-Cola is headquartered in Georgia and incorporated in Delaware, and Plaintiff is a California organization." Id. at ¶ 13.  More relevant here, to satisfy the amount in controversy requirement, Coca-Cola further alleges that "Plaintiff seeks sweeping injunctive relief—to 'end the lawful conduct directed at D.C. consumers'—that, if granted, would cost Coca-Cola more than $75,000 to implement." Id. at ¶ 15.  In support of this allegation, Coca-Cola submits a declaration from Alpa Sutaria, the Sustainability General Manager for Coca-Cola's North American Operating Unit, describing how the company would have to spend over $75,000 to "identify and remove all statements about Coca-Cola's commitment to environmental sustainability and recycling from its website," "remove references to recycling from its product labels," and "issue other forms of corrective advertising."  Declaration of Alpa Sutaria in Support of the Coca-Cola Company's Notice of Removal [Dkt. No. 1-3] at ¶¶ 5-8.

On August 16, 2021, Earth Island moved to remand the case back to the Superior Court. The motion to remand advances three main arguments. First, Earth Island alleges that Coca-Cola's estimate of the amount in controversy fails because "the cost of compliance must be calculated on a per-affected-individual basis, according to the non-aggregation principle." Pl. Mot. at 3. Second, Earth Island contends that even without the application of the non-aggregation principle, Coca-Cola's estimate is "speculative, [and] unsupported by evidence." Id. at 7. And third, Earth Island argues that their request for attorneys' fees cannot meet the jurisdictional minimum under 28 U.S.C. § 1332(a). Id. at 9-11. In addition, Earth Island asserts that they are entitled to recoup the fees and costs associated with litigating the remand motion. Id. at 11-12

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained either in the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Abulhawa v. U.S. Dep't of the Treasury, 239 F. Supp. 3d 24, 30 (D.D.C. 2017) ("[Courts] have 'an affirmative obligation to consider whether the constitutional and statutory authority exist for [them] to hear each dispute' brought before them.") (quoting James Madison Ltd. ex rel. Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C. Cir. 1996)). The Court's subject-matter jurisdiction "goes to the foundation of the court's power to resolve a case." Goldman v. Fiat Chrysler Automobiles US, LLC, 211 F. Supp. 3d 322, 325 (D.D.C. 2016) (citing Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996)). "Because removal implicates significant federalism concerns, a court must strictly construe[] the scope of its removal

jurisdiction." Beyond Pesticides v. Exxon Mobil Corp., Civ. No. 20-1815, 2021 WL 1092167, at *2 (D.D.C. Mar. 22, 2021) (internal quotations omitted).

Under the federal removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[2] This provision is not limited to federal question jurisdiction but also extends to those actions in which original jurisdiction exists on the basis of diversity of citizenship. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). The burden falls on the removing party to demonstrate the federal district court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "If the removing party fails to make such a showing, the court must remand the case." Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d 40, 43 (D.D.C. 2020).

In actions for injunctive relief, the amount in controversy requirement is calculated based on "'the value of the right that [the] plaintiff seeks to enforce or to protect' or [] the cost to the defendants to remedy the alleged denial." Bronner on Behalf of Am. Studies Ass'n v. Duggan, 962 F.3d 596, 610 (D.C. Cir. 2020) (quoting Smith v. Washington, 593 F.2d 1097, 1099 (D.C. Cir. 1978)); see also 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3708 (4th ed. 2021). This

---

[2] The term "State court" includes the Superior Court of the District of Columbia, and the term "State" includes the District of Columbia. 28 U.S.C. § 1451.

calculation, however, is subject to the non-aggregation principle, which provides that "separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." Snyder v. Harris, 394 U.S. 332, 335 (1969); see also Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973). "'Although the D.C. Circuit has not spoken to the application of the non-aggregation principle to [CPPA] suits such as this one, courts in this district routinely apply this rule when considering the amount in controversy in cases that seek injunctive relief' under D.C. Code. § 28-3905(k)(1)." Earth Island Institute v. BlueTriton Brands, Civ. No. 21-2659, 2022 WL 252031, at *3 (D.D.C. Jan. 27, 2022) (quoting Inst. for Truth in Mktg. v. Total Health Network Corp., 321 F. Supp. 3d 76, 91 (D.D.C. 2018)).

### III.   DISCUSSION

#### A. Diversity Jurisdiction

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). The parties agree that there is complete diversity of citizenship. See Notice at ¶ 13; Pl. Reply at 3. The parties disagree, however, as to whether the amount in controversy requirement is met, and if the non-aggregation principle applies to this action. The parties further disagree as to whether Earth Island's request for attorneys' fees should factor into the total calculation of cost that Coca-Cola would incur by complying with the requested relief.

The Court agrees with Earth Island that the non-aggregation principle applies to the relief requested in this case, and therefore that "Coca-Cola would need to establish [] the $75,000 jurisdictional minimum . . . for each member of the D.C. general public represented in this litigation." Pl. Mot. at 3. Coca-Cola instead contends that the non-aggregation principle is inapposite because "there are no 'plaintiffs' aside from Earth Island, and no other claims or

interests to 'aggregate.'" Def. Opp. at 8.  Judges in this district, however, have uniformly and "persuasively debunked this precise argument." Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *4.

In Breathe DC, Judge Ellen Segal Huvelle methodically applied the Supreme Court's jurisprudence in Synder and Zahn to a lawsuit brought by one non-profit plaintiff under the private attorney general provision of the CPPA.  See Breathe DC v. Santa Fe Natural Tobacco Co., 232 F. Supp. 3d 163, 171-72 (D.D.C. 2017) (citing Snyder v. Harris, 394 U.S. 332 (1969); Zahn v. Int'l Paper Co., 414 U.S. 291 (1973)).  Judge Huvelle stated that "[a]lthough the Court spoke in terms of 'plaintiffs' in Synder and Zahn, the rationale extends equally to actions brought by nonprofit groups where the beneficiaries need not be added as parties to the lawsuit." Id. at 171.  She further reasoned that "[m]indful of the narrow construction it must give the removal statute, the Court is not persuaded that the way a lawsuit is framed—as a private attorney general action by a nonprofit versus as a putative class action by an individual—should determine whether federal jurisdiction lies."  Id.

The Court agrees with Judge Huvelle's reasoning, and joins the "chorus of courts" in this district that have uniformly held that in analogous cases "the cost of the injunction must be divided pro rata among District of Columbia consumers." Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *3 (quoting Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d at 46).  See also Clean Label Project Found. v. Now Health Group, Inc., Civ. No. 21-011, 2021 WL 2809106, at *3-6 (D.D.C. July 6, 2021); Beyond Pesticides v. Exxon Mobil Corp., 2021 WL 1092167, at *2; Food & Water Watch, Inc. v. Tyson Foods, Inc., Civ. No. 19-2811, 2020 WL 1065553, at *5 (D.D.C. Mar. 5, 2020); Hackman v. One Brands, LLC, Civ. No. 18-2101, 2019 WL 1440202, at *5 (D.D.C. Apr. 1, 2019); Institute for Truth in Marketing v.

Total Health Network Corp., 321 F. Supp. 3d 76, 91 (D.D.C. 2018); Organic Consumers Association v. R.C. Bigelow, Inc., 314 F. Supp. 3d 344, 350 (D.D.C. 2018); Animal Legal Defense Fund v. Hormel Foods Corp., 249 F. Supp. 3d 53, 59 (D.D.C. 2017); Organic Consumers Association v. Handsome Brook Farm Group 2, LLC, 222 F. Supp. 3d 74, 78 (D.D.C. 2016); Witte v. Gen. Nutrition Corp., 104 F. Supp. 3d 1, 6 (D.D.C. 2015).

The Court finds no support for Coca-Cola's argument that the foregoing cases "are wrongly decided." Def. Opp. at 13. Coca-Cola justifies this position by emphasizing the fact that the D.C. Circuit has not weighed in on the application of the non-aggregation principle to actions for injunctive relief under the CPPA. See id. at 9.[3] Coca-Cola argues instead that "the D.C. Circuit has ruled that when the injunctive relief sought is indivisible—i.e., it would enjoin a course of conduct or practice—the cost of compliance is not subject to the non-aggregation rule." Id. (citing Tatum v. Laird, 444 F.2d 947, 948 (D.C. Cir. 1971), rev'd on other grounds, 408 U.S. 1 (1972); Committee for GI Rights v. Callaway, 518 F.2d 466 (D.C. Cir. 1975)). These cases, however, have nothing to do with relief under the CPPA. Rather, "those earlier decisions stand for the unremarkable proposition that . . . in cases where only equitable relief is sought," the D.C. Circuit "'has adopted the 'either-viewpoint' approach to calculating amounts in controversy — which allows for consideration of either the value of the plaintiff's requested relief or the defendant's potential costs.'" Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *4 (quoting Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC, 222 F. Supp. 3d at 77).

---

[3] "Indeed, although the D.C. Circuit has not directly addressed how the non-aggregation principle applies in CPPA actions, it is not lost on this Court that as recently as April 2021, the Court of Appeals declined to hear an appeal of a district court's decision applying the principle in one such action." Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *4 (citing In re Exxon Mobil Corp., Civ. No. 21-8001 (D.C. Cir. Apr. 23, 2021)).

This Court similarly rejects Coca-Cola's argument that this case falls under "a recognized exception to the non-aggregation principle" because "[t]he injunctive relief Earth Island seeks—to enjoin allegedly misleading advertising—is a 'common and undivided interest.'"  Def. Opp. at 11.  Coca-Cola cites Snyder v. Harris for the proposition that "the non-aggregation rule does not apply where 'two or more plaintiffs unite to enforce a single title or right in which they have a common or undivided interest.'"  Def. Opp at 11 (citing Snyder v. Harris, 394 U.S. at 335).  Every judge in this district to have considered the issue has rejected this exact argument and has found the exception to the non-aggregation rule to be inapplicable to CPPA actions for injunctive relief.  See, e.g., Beyond Pesticides v. Exxon Mobil Corp., 2021 WL 1092167, at *4-5 ("[W]hatever its applicability in other contexts, no court in this District has ever applied that exception to permit circumvention of the non-aggregation principle in a case brought by a single plaintiff involving the type of claims and relief at issue here."); Clean Label Project Found. v. Now Health Group, Inc., 2021 WL 2809106, at *4 ("[R]epresentative actions for injunctive relief brought under the DCCPPA are not seeking to enforce a 'common and undivided interest' as would exempt them from non-aggregation under Snyder.").  As in all those other cases, here Earth Island "does not seek any integrated claim for relief— like disgorgement of the defendants' profits— that would hold [Coca-Cola] generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest."  Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d at 46.

Because Coca-Cola's arguments fail for the reasons discussed above, this Court will apply the non-aggregation principle to determine jurisdiction in this case.  In doing so, the Court concludes that "the appropriate measure of the requested injunctive relief is not the amount that [Cola-Cola] must spend to comply with the injunction, but that amount divided by the

9

number of members of the public on whose behalf [Earth Island] brings the action." <u>Institute for Truth in Marketing v. Total Health Network Corp.</u>, 321 F. Supp. 3d at 91. Coca-Cola, however, "offers no evidence that the cost of compliance in this case would exceed $75,000 <u>per member</u> of the general public of the District." Pl. Mot. at 1.[4] Without any attempt to demonstrate compliance with the non-aggregation principle, Coca-Cola fails to carry its burden, as the removing party, to demonstrate that this Court has jurisdiction. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. at 377.

As a subsidiary argument, Coca-Cola asserts that "[i]n addition to compliance costs, the attorneys' fees that Earth Island could potentially recover exceed $75,000 and further support diversity jurisdiction." Def. Opp. at 14; <u>see also</u> Notice at ¶¶ 24-26. But the bottom line is that attorneys' fees are still subject to the non-aggregation principle, <u>Animal Legal Def. Fund v. Hormel Foods Corp.</u>, 249 F. Supp. 3d at 62, or otherwise apportioned to $0 in actions for injunctive relief under the CPPA, <u>Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC</u>, 222 F. Supp. 3d at 78-79 (finding that "when, like here, a plaintiff is suing under the private attorney general provision of the DCCPPA and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0") (internal quotations and alterations omitted).[5] The Court agrees with Judge Boasberg's reasoning in

---

[4]  Coca-Cola's amount in controversy calculation determines only the <u>overall</u> amount of money at issue, measured by the amount Coca-Cola would incur in complying with Earth Island's requested injunctive relief. <u>See</u> Notice at ¶ 18 ("Coca-Cola would incur well in excess of $75,000 in expenses to remove the challenged statements, or to revise them with corrective statements."). Because the Court applies the non-aggregation principle to determine jurisdiction in this case, the Court need not decide whether "the enormous estimated costs that Coca-Cola cites are speculative and unreasonable." Pl. Mot. at 7.

[5]  Coca-Cola disagrees that the non-aggregation principle applies to attorneys' fees, or that attorneys' fees should alternatively by apportioned to $0. Def. Opp. at 16. Coca-Cola instead contends that the non-aggregation principle does not extend to attorneys' fees in this case

BlueTriton, and concludes that it "need not decide here which of the two tests is more appropriate because even applying the non-aggregation framework (which is more generous to Defendant), [Coca-Cola] has not demonstrated that the amount in controversy is met." Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *5.

For all of these reasons, the Court concludes that Coca-Cola has not met its burden to demonstrate that this case satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332(a).  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. at 377.  This Court therefore does not have jurisdiction and must remand the case to the Superior Court.

### B.  Attorneys' Fees and Costs

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case [after removal] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "[T]he standard for awarding fees should turn on the reasonableness of the removal," and the court may only award fees "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).  "A basis for removal is objectively reasonable when it 'has at least some logical and precedential force.'" Organic Consumers Ass'n v. R.C. Bigelow, Inc., 314 F. Supp. 3d at 358 (quoting Knop v. Mackall, 645 F.3d 381, 383 (D.C. Cir. 2011)) (internal quotation marks and citation omitted).  Judges in this district have grappled with the

---

because "[n]o other individual consumer or member of the general public has retained counsel, and the request for costs and disbursements is made on behalf of Earth Island only, not the general public." Def. Opp. at 16.  This argument has no merit.  Numerous other courts in this district have, indeed, applied the non-aggregation principle to attorneys' fees in cases with just one representative plaintiff.  See, e.g., Clean Label Project Found. v. Now Health Group, Inc., 2021 WL 2809106, at *6-7; Animal Legal Def. Fund v. Hormel Foods Corp., 249 F. Supp. 3d at 62; Breakman v. AOL LLC, 545 F. Supp. 2d 96, 103-05 (D.D.C. 2008) (applying this rule in a case with an individual person as the sole plaintiff).

reasonableness of fee requests when remanding analogous CPPA actions, and have routinely denied these requests because of the lack of "clear, controlling case law from the D.C. Circuit." See, e.g., Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *6; Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d at 47; Breakman v. AOL LLC, 545 F. Supp. 2d at 108.

Here, Earth Island "requests to recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court, on the basis that Coca-Cola lacked an objectively reasonable basis for removal." Pl. Mot. at 11. The Court denies this request and finds that Coca-Cola's removal was not objectively unreasonable because, without any "clear, controlling case law from the D.C. Circuit," Earth Island Institute v. BlueTriton Brands, 2022 WL 252031, at *6, the removal "ha[d] at least some logical and precedential force." Knop v. Mackall, 645 F.3d at 383. The Supreme Court has clearly articulated that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Camreta v. Greene, 563 U.S. 692, 709, n.7 (2011); see also Fund for Animals v. Mainella, 335 F.Supp.2d 19, 27 (D.D.C. 2004) ("[A] decision by a district court has no precedential effect.").

Furthermore, although Earth Island is correct that Coca-Cola makes "barely any reference to 12 years of uncontroverted precedent from this District holding that such relief may not be aggregated," Earth Island similarly fails to cite a single case awarding fees for an analogous motion to remand under the CPPA. See Pl. Mot. at 12 (discussing Burton v. Coburn, Civ. No. 04-965, 2005 WL 607912 (D.D.C. Mar. 16, 2005) (action for legal malpractice, breach of fiduciary duty and breach of contract); Johnson-Brown v. 2200 M St. LLC, 257 F. Supp. 2d 175 (D.D.C. 2003) (action for breach of contract)); see also Pl. Reply at 14-15. The Court

therefore reluctantly concludes that "[g]iven the lack of controlling precedent in this Circuit . . . and notwithstanding the thrust of the opinions of the district courts in this Circuit, [Coca-Cola] did not lack an 'objectively reasonable basis for removal.'"  Breathe DC v. Santa Fe Natural Tobacco Co., 232 F. Supp. 3d 172.

Earth Island therefore is not entitled to recoup the costs and expenses associated with litigating this motion to remand.

## IV.   CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Earth Island's Motion to Remand and for Fees and Costs [Dkt. No. 15] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that Earth Island's motion to remand is GRANTED and the case is REMANDED to the Superior Court of the District of Columbia; it is

FURTHER ORDERED that Earth Island's request for attorneys' fees is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court is directed to remove this case from the docket of this Court.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 24, 2022